IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY JEFFERSON GREEN, AIS #236379, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 1:20-CV-568-WKW ) |
| ADAM ZHEA, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Larry Jefferson Green, a state inmate, complains that Adam Zhea, an investigator for the Houston County Sheriff's Department, subjected him to a false arrest and malicious prosecution regarding alleged stolen property. Doc. 1 at 2-3 & 6-7. Green names the Houston County Sheriff's Department as a defendant in this cause of action.

Upon review of the complaint, the court finds that the plaintiff's claims against the Houston County Sheriff's Department are due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915A.[1]

---

[1] In any civil action filed by a prisoner against a governmental entity or its officers or employees, this court is obligated to screen the complaint under the provisions of 28 U.S.C. § 1915A. This screening procedure requires that "the court . . . dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

## II.  DISCUSSION

In order to allege a viable § 1983 claim, a plaintiff must name as a defendant an entity that is subject to being sued.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  The capacity of a party to be sued is "determined by the law of the state in which the district court is held."  *Id.*  Both federal and state law are well-settled that a county sheriff's department is not a legal entity subject to suit or liability.  *Id.*; *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991) ("The Chambers County Sheriff's Department is not a legal entity subject to suit.  Therefore, a cause of action may not be maintained against the Chambers County Sheriff's Department."); *King v. Colbert County*, 620 So.2d 623, 626 (Ala. 1993) ("The Colbert County Sheriff's Department is not a legal entity.  Therefore, one cannot maintain an action against it.").  Since the Houston County Sheriff's Department is not a suable entity for purposes of  § 1983, the plaintiff's claims against this defendant are frivolous as a matter of law and are therefore due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915A(b)(1).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Houston County Sheriff's Department be summarily dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915A(b)(1).

2. The Houston County Sheriff's Department be dismissed as a defendant in this cause of action.

3. This case, with respect to the plaintiff's claims against Adam Zhea, be referred back to the undersigned for further appropriate proceedings.

On or before **September 4, 2020**, the plaintiff may file objections to this Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of August, 2020.

                        /s/   Charles S. Coody.
                        UNITED STATES MAGISTRATE JUDGE