IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY JEFFERSON GREEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADAM ZEH, *et al.*, )<br>)<br>Defendants. ) | CASE NO. 1:20-CV-568-WKW<br>(WO) |

## **MEMORANDUM OPINION and ORDER**

Pending is Plaintiff's motion to proceed on appeal *in forma pauperis* (Doc. # 76) and related motion to pay the filing fee in monthly installments of $100 (Doc. # 76). In support, Plaintiff attached a transaction report from his prison account, which reflects a balance exceeding $505 as of December 2, 2023 (Doc. # 77). For the reasons that follow, the court concludes that Plaintiff's motion to proceed on appeal *in forma pauperis* should be denied but that his motion to pay the $505 filing fee in monthly installments of $100 should be granted.

28 U.S.C. § 1915(a) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, the court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962), or "has no substantive merit," *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 1981) (per curiam). Applying these standards, the court is of the opinion, for the reasons

as stated in the Order from September 28, 2023 (Doc. # 65), that Plaintiff's appeal is without a legal or factual basis and, accordingly, is frivolous and not taken in good faith. *See, e.g., Rudolph v. Allen*, 666 F.2d 519 (11th Cir. 1982). Accordingly, it is ORDERED that the appeal in this cause is certified, under 28 U.S.C. § 1915(a), as not taken in good faith and that the motion for leave to appeal *in forma pauperis* (Doc. # 76) is DENIED.

Therefore, under the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915 (as amended), Plaintiff is required to pay the requisite $505.00 fee for filing this notice of appeal. However, because the court finds that Plaintiff's request to pay that filing fee in monthly installments of $100 is reasonable, it is ORDERED that the motion to pay filing fee in monthly installments of $100 (Doc. # 76) is GRANTED. *See Collier v. Tatum*, 722 F.2d 653, 657 (11th Cir. 1983) (explaining that the district court has wide discretion in determining on a case-by-case basis whether partial payment plans under 28 U.S.C. § 1915 are appropriate).

Accordingly, it is further ORDERED that:

1. So long as there are sufficient funds in Plaintiff's prison account, those persons having custody of Plaintiff shall:

    a. make an initial partial payment to this court of $100.

    b. make additional monthly payments of $100, or less if the balance of the filing fee is less than $100, until the balance of the $505.00 fee is paid. These additional monthly payments shall be deducted from Plaintiff's prison account until the $505.00 filing fee is paid in full.

2. Where the appellate court enters a judgment against Plaintiff for payment of costs at the conclusion of the appeal, including any unpaid portion of the required $505.00 filing fee, those persons having custody of Plaintiff shall continue making monthly payments to this court in accordance with the installment plan outlined above until the full amount of the ordered costs is paid.

To aid those persons having custody of Plaintiff in complying with the requirements of this order, the Clerk is DIRECTED to furnish a copy of this order to the inmate account clerk at the facility where Plaintiff is detained. The account clerk is advised that if Plaintiff is transferred to another prison or detention facility, he/she shall furnish this order to the appropriate official at the institution where Plaintiff is transferred so the custodial agency can assume the duties of collecting and forwarding any remaining monthly payments to this court.

Finally, Plaintiff is advised that if, before he has paid the $505.00 filing fee, the appellate court disposes of his appeal—by dismissing the appeal for lack of jurisdiction, want of prosecution, or because it is frivolous, or by deciding the appeal on the merits—he remains obligated to pay the $505.00 filing fee. The filing fee will be collected from any funds which become available to Plaintiff and will be forwarded to this court by those persons having custody of Plaintiff pursuant to the directives in this Order.

DONE this 22nd day of January, 2024.

        /s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE